## ATHENS v. HURLOCK et al.

(Court of Civil Appeals of Texas. Galveston. May 1, 1913.)

1. BROKERS (§ 63*)—COMPENSATION—SUFFICIENCY OF SERVICES.

Defendant listed property with plaintiff for sale for $3,500 cash to himself; the plaintiff to have as commission whatever he could obtain above that price. Plaintiff procured a purchaser for $3,700, who could not pay the entire amount in cash, and arranged that his lien notes be cashed, and the cash ($3,500), except as to $250, be turned over to defendant, who agreed to such terms, but declined to sign a contract, and afterwards, although the purchaser was willing to perform the contract on such terms, refused to consider anything ex-

cept his first cash proposition. *Held,* that plaintiffs could recover a commission of $200, less the $50 which they had agreed to pay therefrom as a bonus to get the purchaser's notes cashed.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 79, 81, 94–96; Dec. Dig. § 63.*]

2. VENDOR AND PURCHASER (§ 76*) — CONTRACTS—CONCURRENT CONDITIONS.

A contract, providing that the cash for a purchaser's notes was to be turned over to the vendor before the deal was closed and the deed signed, might be complied with by a simultaneous signing and delivery of the deed and paying of the money.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 117, 119; Dec. Dig. § 76.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by C. Haynes Hurlock and another against W. J. Athens. Judgment for plaintiffs, and defendant appeals. Affirmed.

B. F. Louis, of Houston, for appellant. Cole, Wilson & Cole, of Houston, for appellees.

REESE, J. This is an action instituted in the justice court by appellees against appellant to recover $200, alleged to be due by way of commissions for negotiating a sale of a certain lot, house, and furniture in the city of Houston belonging to appellant, and which had been placed in the hands of appellees for sale. The gravamen of the action is that after appellees had procured a purchaser on the terms agreed upon appellant refused to carry out the trade, to their damage in the sum sued for. A trial in the justice court resulted in a judgment for plaintiffs for $200. The defendant appealed, and a trial in the county court resulted in a judgment for plaintiffs for $150.

[1] The evidence authorizes the following conclusions as to the facts: Appellant, being the owner of the property in question, listed the same with appellees for sale at the price of $3,500 cash to the owner; the agents having for commissions whatever they could sell for over this price. Appellees found one Kephart, who wanted the property, and was willing to pay $3,700, but could pay only a small amount of cash. He proposed to pay $750 cash, and to give four notes for $500 each, payable in two, three, four, and five years, and one note for $700, payable in six years, and another note for $250, payable in one year, this last note secured by a second lien on the real estate and a first lien on the furniture. A contract was fixed up, referred to as on yellow paper, embracing a receipt for $100 earnest money, and embodying the terms of the contract, as stated, but signed only by Hurlock as agent. Appellees then arranged with a party to cash all of the notes, except the last one for $250, and the yellow paper contract stated that the first lien notes were to be cashed, and the cash

turned over to appellant before the deal was closed and the deed signed. Appellant was to take the last-mentioned note for $250. Appellees then took this contract to appellant as embodying a sale of the property which they could make. Appellant declined to sign the contract, but agreed to its terms and authorized appellees to go ahead. The sale, by the terms of this contract, was to be closed up on or before October 15th succeeding. The contract was dated August 29, 1911. Having arranged to have the notes cashed, so that appellant should receive $3,250 cash, which with the $250 note would make the $3,500 he wanted for the property, appellees and Kephart met in appellees' office on October 15th and sent for appellant, in order that the deal might be closed. When appellant came in, and something was said about the note he was to take, he refused to proceed further, or to consider anything except the all-cash proposition on which he had first listed the property with appellees, and abruptly left the office. Kephart was ready, willing, and able with the money to pay the cash part of the consideration, and to sign the notes, and appellees were ready and able to pay the cash for the notes. The evidence justifies the conclusion that, if appellant had carried out his contract and agreement as embodied in the written contract to which he agreed, the whole matter could and would have been then and there closed up without delay, and this was prevented by appellant's refusal to accept anything but all cash to him.

Upon the foregoing facts the appellees were entitled to judgment. As they had agreed to pay $50 out of their $200 commissions as a bonus to get the notes cashed, the court held that they could not recover more than $150, for which amount the jury returned a verdict.

[2] The contract provided that the cash for the notes was to be turned over to appellant "before the deal is closed and the deed is signed," seemingly a very foolish provision. But there would not have been any difficulty in complying with this by a simultaneous signing and delivery of the deed and paying of the money.

None of the assignments of error present any substantial reasons for a reversal of the judgment, and it is therefore affirmed.

Affirmed.